WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glen Edward Boyd,<br><br>           Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>           Respondents. | No. CV-22-00292-TUC-JCH<br><br>**ORDER** |

In this case, incarcerated pro se Petitioner objects, Doc. 13, to Magistrate Judge Kimmins' Report and Recommendation ("R&R"), Doc. 12, recommending the Court dismiss the Petition as time-barred. Doc. 1. After de novo review, the Court concludes the Petition is time-barred, adopts the R&R in full, and dismisses the Petition.

**I.   Legal Standard**

A district court reviews objected-to portions of an R&R de novo. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

**II.   Analysis**

In the underlying Petition, Petitioner does not argue that he is within the one-year statute of limitations for any of his claims. *See generally* Doc. 1. Instead, Petitioner argues that he did not discover evidence to support his Serious Mental Illness ("SMI") claim until 2019. *See id.* at 4. Petitioner now objects to the R&R primarily because Judge Kimmins concluded Petitioner knew he was SMI in "2006, 2008 and thereafter." Doc. 13 at 3

(referring to Doc. 12 at 6). Petitioner also urges that various lawyers and judges have failed their duty to him, that requiring an SMI person to represent themselves is unfair, and that the Court should acknowledge that Petitioner's "SMI [was] at the time of the crime to be investigated like it should have been back in 2006–2008." *See id.* at 4.

Petitions for writ of habeas corpus are governed by a one-year statute of limitations, which runs in relevant part from "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Direct review became final on November 8, 2010, which was the last day Petitioner could have petitioned the Arizona Court of Appeals for review of the first petition. *See* Ariz. R. Crim. P. 33.16(a)(1); Doc. 7-1 at 76, 78. Petitioner is not entitled to statutory tolling of the limitations period. *See Ferguson v. Palmateir*, 321 F.3d 820, 823 (9th Cir. 2003). Even if SMI were a mental health diagnosis, and even if Petitioner could not have discovered his SMI "in 2006, 2008, and thereafter," "the limitations period would have expired one year after Petitioner acknowledged learning about his SMI designation, which was April 2020." Doc. 12 at 6; Doc. 1 at 4 ("I learned I was deemed [SMI] … in April 2019."); *see also id.* at 1 (filed July 1, 2022). Petitioner does not object to that aspect of the R&R. *See generally* Doc. 13.

A litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner does not carry his burden because "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling," *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006), and Petitioner identifies no other relevant circumstance.

For these reasons, and after de novo review, the Court will adopt the R&R in full and dismiss the Petition as time-barred.

**III.  Order**

Accordingly,

**IT IS ORDERED ADOPTING IN FULL** the R&R (Doc. 12).

**IT IS FURTHER ORDERED DISMISSING** the Petition (Doc. 1). The Clerk of the Court shall enter judgment accordingly.

Dated this 21st day of August, 2023.

_____
John C. Hinderaker
United States District Judge